**Leonard I. HOFFMAN, et al.,**
**Plaintiffs,**

v.

**The CONNECTICUT NATIONAL BANK, et al., Defendants.**

**Civ. No. B–86–293 (TFGD).**

United States District Court,
D. Connecticut.

Jan. 27, 1988.

**16**

Gary D. Rafsky, Westport, Conn., for plaintiffs.

Nancy M. Harnett and Darrell K. Fennell, Fennell & Minkoff, New York City, for defendants.

### RULING ON MOTION FOR RECONSIDERATION

DALY, Chief Judge.

On January 4, 1988, the Court denied the plaintiffs' motion for a protective order that would preclude the discovery of any information that pertained to the participation in the Witness Protection Program and/or the background prior to 1976 of one of the plaintiffs herein. Now before the Court, less than three weeks prior to the scheduled trial date, is a motion for reconsideration of the denial of that motion. The motion for reconsideration is GRANTED, but upon reconsideration, the Court adheres in substance to its earlier ruling.

On the present record, it appears that the plaintiffs in this action are the principals of the Trend Group Ltd., a now bankrupt investment company, who each defaulted on their obligations to repay loans to the defendant bank. The plaintiffs have asserted claims against the defendants for common law fraud and violations of the anti-tying provisions of the Bank Company Holding Act, 12 U.S.C. § 1972(1)(C). The bank has asserted a counterclaim against the plaintiffs for the total amount due on each of their respective promissory notes.

Steven E. Rogers is the identity that has been assumed by one of the plaintiffs pursuant to his participation in the Federal Witness Protection Program. *See* 18 U.S.C. § 3521 *et seq.* Convictions for various felonies and his cooperation with law enforcement agencies as a witness—events completely unrelated to the instant action—occasioned his participation in that program. It is the plaintiff's contention that disclosure of any of the information relative to his past activity and identity, obtained either through documents, or the depositions of party or non-party witnesses, would compromise his own safety as well as the interests for which the protection program was established. Obviously, the defendants seek the information for purposes of impeachment. The issue here is whether a plaintiff who is a participant in the Witness Protection Program may shield his character from the scrutinization customarily precipitated by the initiation of litigation, and transform that shield into a sword that will promote his own self-interests unscathed.

Congress has vested with the United States Attorney General the authority to provide for the security of government witnesses and their families in the Witness Protection Program. Unauthorized disclosure of information that compromises one's participation in the program is prohibited. 18 U.S.C. § 3521(b)(3). The Court is cognizant of the fact that inherent in any scheme such as the Witness Protection Program is "the possibility that participants will be lost to third parties seeking to collect debts, enforce visitation rights, or the like." *Franz v. United States (Franz II)*, 712 F.2d 1428, 1429 (D.C.Cir.1983). In the instant action the Court will not allow such a possibility to come to fruition.

 Before entrance into the program, the law requires each participant to enter into a "memorandum of understanding" with the government that includes an agreement that the participant will comply with all legal obligations. 18 U.S.C. § 3521(d)(1)(D). Implicit in the participant's understanding with the government is the government's refusal to shield the participant from civil litigation initiated prior to or subsequent to entry in the program. *Franz v. United States (Franz I)*, 707 F.2d 582, 588 (D.C.Cir.1983). Thus, while providing an incentive program for the cooperation of witnesses, the Attorney General has, among other things, an obligation to ensure that a person is not made immune by virtue of his participation in the program. 18 U.S.C. § 3521; *see Pacelli v. Nassau Cty. Police Dep't.*, 639 F.Supp. 1382, 1385 (E.D.N.Y.1986). This especially should be the case where, as here, the participant has initiated the litigation, and the subject of the litigation is unrelated to his hidden past. On the present record, the

Court cannot allow the plaintiff's participation in the Witness Protection Program to shield him from either the adverse effects of the litigation he has initiated, or the effective prosecution of the counterclaim. Of course this does not preclude an appropriate challenge to the admission of any evidence derived from the disclosed information made pursuant to the Federal Rules of Evidence.

Accordingly, the motion for a protective Order is again DENIED, such that the plaintiffs shall, within five days hereof, comply with all discovery requests relevant to the instant ruling. Further, it is ORDERED that any information disclosed pursuant to this order shall not be disclosed to anyone other than counsel of record, and when that information is to become part of the court file, it shall be filed under seal. Should a party seek during trial the admission into evidence of any information subject to this Order, it shall in advance notify the Court so that any objections made pursuant to the applicable rules of evidence may be heard at an appropriate time outside the presence of the jury. The plaintiff's papers submitted in connection with the instant motion shall be filed under seal until such time as the Court may otherwise direct.

It is SO ORDERED.